# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

<table>
<tr><td>BRIAN M. LONG, ET AL.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>     Plaintiffs,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>VS.</td><td>)</td><td>No. 17-1210-JDT-cgc</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>HENRY COUNTY JAIL,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>     Defendant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

## ORDER DIRECTING PLAINTIFFS TO COMPLY WITH
## 28 U.S.C. § 1915(a)(1)-(2) OR PAY THE $400 CIVIL FILING FEE

On November 9, 2017, the Clerk received a letter complaining about various conditions at the Henry County Correctional Facility ("Jail") in Paris, Tennessee. (ECF No. 1.) The letter is signed by Plaintiff Brian M. Long and fifty-five other individuals who are incarcerated at the Jail.[1] (*Id.* at 4-5.) The Court construes the letter as a *pro se* complaint for violation of civil rights brought pursuant to 42 U.S.C. § 1983.

Although the complaint may be an attempt to file a class action suit, in a class action there must be a representative party who "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Sixth Circuit has held that "*pro se* prisoners cannot adequately represent a class." *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *see also Palasty v.*

---

[1] Another individual may have signed only with an "X". (*Id.* at 4, #35.) However, that person is not otherwise named, and the Court has no way to determine his identity. In addition, some of the signatures on the complaint are fully or partially illegible, but only a few are accompanied by a printed name. The Clerk will attempt to decipher all of the names, but no prisoner whose signature is completely illegible will be considered to have signed the complaint.

*Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("[N]o representative party was available because *pro se* prisoners are not able to represent fairly the class."); *Montague v. Schofield*, No. 2:14-cv-292, 2015 WL 1879590, at *2 (E.D. Tenn. Apr. 22, 2015) (denying class certification, citing *Ziegler* and *Palasty*).  Therefore, this case will not be treated as a class action suit.

No Plaintiff in this case has paid the $400 civil filing fee, and none of them have submitted applications to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), any prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[2]  Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments.  *Id.* at 604.  However, in order to take advantage of the installment procedures, the prisoner must complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

Therefore, it is ORDERED that each Plaintiff who signed the complaint shall, within thirty (30) days after the date of this order, either pay the $400 civil filing fee or submit a properly completed and executed application to proceed *in forma pauperis* and a certified copy of his inmate trust account statement for the last six months.

---

[2] The civil filing fee is $350.  *See* 28 U.S.C. § 1914(a).  However, the Schedule of Fees set out following the statute also requires the Clerk to collect an additional administrative fee of $50 for filing any civil case.  That additional $50 fee will not apply if Plaintiffs are ultimately granted leave to proceed *in forma pauperis*.

If any Plaintiff fails to comply with this order in a timely manner the Court will dismiss his claims without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE