IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN M. LONG, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 17-1210-JDT-cgc |
| | ) | |
| HENRY COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DISMISSING CASE, ASSESSING $400 CIVIL FILING FEE
AND CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

On November 9, 2017, a letter which the Court construed as a *pro se* civil complaint was filed jointly by Plaintiff Brian M. Long and fifty-five other individuals who were incarcerated at the Henry County Correctional Facility ("Jail") in Paris, Tennessee. (ECF No. 1.) Plaintiffs did not pay the civil filing fee or submit motions to proceed *in forma pauperis* and copies of their inmate trust account statements, as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). Therefore, the Court issued an order on November 15, 2017, directing each of the Plaintiffs to submit, within thirty days, an *in forma pauperis* affidavit and a copy of his inmate trust account statement for the preceding six months. (ECF No. 2.) Plaintiffs were warned that failure to comply in a timely manner would result in denial of leave to proceed *in forma pauperis* and the dismissal of their claims without further notice for failure to prosecute. (*Id.* at 2.)

A copy of the Court's order was sent to each of the fifty-six Plaintiffs, but twenty-nine of those copies were returned as undeliverable. (ECF Nos. 4, 5 & 6.) None of the Plaintiffs have

complied with the Court's order; therefore, leave to proceed *informa pauperis* is DENIED with regard to all of the Plaintiffs.

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Because there are multiple plaintiffs, each Plaintiff is responsible for payment of his share of the filing fee. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997).

The following twenty-seven Plaintiffs are each assessed $14.81 as their proportionate share of the civil filing fee: Brian M. Long, Trey Cowans, Mitchell Shearer, Norbert Williams, Jermel Kinley, John Todd, Jonathan Crosno, John Bates, Larry Williams, David Charnock, Dalton Patterson, Jr., Shean Nievez, Antonio Rulford, Justin Hughes, Dakota Helms, Marcus Box, Bobby Madding, Christopher Shane Crosser, Michael David Owen, Jacob Rigsby, Timothy Damesworth, Jason Mobley, James P. Hill, Cody Darling, Randal P. Bradley, Ricky Newell and Brandon Gream.

It is ORDERED that these Plaintiffs shall cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiffs' prison shall withdraw from each Plaintiff's inmate trust account the sum of $14.81 and forward that amount to the Clerk of this Court. If the funds in any Plaintiff's account are insufficient to pay his share of the civil filing fee, the prison official is instructed to withdraw all of the funds in that Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to that

Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until his $14.81 share of the civil filing fee is paid in full.

Each time that the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee
> 111 S. Highland Ave., Room 262, Jackson, TN 38301

and shall clearly identify the Plaintiff's name and the case number as it appears on the first page of this order.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of inmate trust accounts at the Plaintiffs' prison. The Clerk is further ORDERED to forward a copy of this order to the Jail Administrator to ensure that the custodian of Plaintiffs' inmate trust accounts complies with that portion of the PLRA pertaining to the payment of filing fees.

The Court hereby CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) that an appeal by any of the Plaintiffs in this case would not be taken in good faith.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                 s/ **James D. Todd**
                                                 JAMES D. TODD
                                                 UNITED STATES DISTRICT JUDGE